## GEORGE H. ORME vs. CHAS. C. MACKUBIN.

Submitted on briefs May 16, 1893. Decided June 6, 1893.

**Contract Construed.**

A contract by the defendant, upon whom rested no other obligation than that expressed, "to at once proceed to procure, and use all reasonable efforts to procure," from a specified person, a release of her interest in certain land, construed as not an absolute undertaking to procure the release, but only to make reasonable effort to do so.

**Findings Supported by the Evidence.**

Evidence held sufficient to show that this duty had been performed.

Appeal by plaintiff, George H. Orme, from an order of the District Court of Ramsey County, *William Louis Kelly,* J., made September 16, 1892, denying his motion for a new trial.

*Morphy, Gilbert & Morphy,* for appellant.

*Alfred S. Hall,* for respondent.

DICKINSON, J.    In 1884 the defendant acted as an attorney in fact for his mother, Ellen M. Mackubin, in effecting a sale to the plaintiff of certain city lots supposed to be owned by her.    The sale was completed, Mrs. Mackubin conveying to the plaintiff by warranty deed; but at the same time, there appearing to be a defect in the title, the defendant entered into the undertaking with the plaintiff upon which this action is brought, wherein he (defendant) agreed "to at once proceed to procure, and use all reasonable efforts to procure, from Jane Milliken and the heirs of Samuel H. Wilkin, a release of any and all claim they, or either of them, have, or may have," to the lots which were then conveyed to the plaintiff. Within a few weeks after that the defendant did procure, and cause to be placed on record, a quitclaim deed of the premises to Mrs. Mackubin, the plaintiff's grantor, from Jane Milliken, and others, who were the heirs of Samuel J. Wilkin.    It appears that they resided in the state of New York.

The procuring of this deed is claimed not to have constituted a performance of the defendant's agreement because Jane Milliken was a married woman, and her husband did not join in the deed.

Our view of the construction of the contract is in accordance with that of the court whose decision is here for review. The defendant did not undertake, absolutely, to procure the specified releases, but to *"use all reasonable efforts"* to do so. The meaning of those words is perfectly plain and certain, and they determine the meaning of the immediately preceding words, which, if standing alone, would be more uncertain. Read together, the sense is that the defendant would at once set about procuring such releases, and would use all reasonable efforts to accomplish that end. The language which we have italicized forbids construing the instrument as expressing an absolute undertaking to procure the releases.

The court found that the defendant did proceed at once in the matter, and that he used all reasonable efforts and diligence to procure the desired releases; and in this we deem the evidence to have justified the finding. It is urged that the defendant ought to have ascertained that Jane Milliken was married, and so have procured her husband's execution of the deed. It is true that the defendant caused a deed to be prepared and sent to New York to be executed, in which Jane Milliken was described as a *widow,* and that when the deed was returned and recorded the word "widow" had been erased. But, on the other hand, it is to be considered that the attorneys who examined the title for the plaintiff, and pointed out the defect, recommending the procuring of a deed from Mrs. Milliken, stated that she was a widow. And it seems that such was supposed to be the case until after her death. She had not lived with her husband for twenty years. The contract of the defendant, it will also be noticed, specified *Jane Milliken*, only, without mentioning her husband. It was at least questionable whether, under these circumstances, reasonable diligence required the defendant to make inquiry as to the fact concerning which the plaintiff's attorneys had thus advised the defendant. The court might well find that proper diligence had been exercised.

After the death of Mrs. Milliken, and the discovery that she was not a widow when the deed was made, the defendant went to New York, and endeavored to procure her surviving husband and heirs to release their claims to the entire tract (ten acres) of which these lots were a part. The undisputed evidence is that he of-

fered them a reasonable consideration therefor, but that they refused. The evidence justified the court in its conclusion that the result would have been the same if the defendant had sought a release of these lots only. We see no reason to doubt the correctness of the findings and conclusion of the court, and the order denying a new trial is affirmed.

VANDERBURGH, J., did not take part.

(Opinion published 55 N. W. Rep. 560.)